IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR-13-58-GF-BMM-RKS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |
| vs. | |
| EMMETT A. BUCKLES III, | |
| Defendant. | |

## I. Synopsis

Mr. Buckles was accused of violating his conditions of supervised release by consuming marijuana and methamphetamine, and by failing to report to chemical dependancy treatment sessions. He admitted to the violations. Mr. Buckles' supervised release should be revoked. He should be ordered to serve 8 months in custody, with 28 months supervised release to follow.

## II. Status

Mr. Buckles plead guilty in 2013 to Making a False Statement During a Firearm Transaction. Doc. 21. He was sentenced to 150 days incarceration, which

he had already served awaiting sentencing, and three years on supervised release. Docs. 32, 33. His term of supervised release began on December 12, 2013. Doc. 36. He was in state custody for an unrelated issue until December 23, 2013. Doc. 36.

**Petition**

The United States Probation Office filed a petition on March 24, 2014, asking the court to revoke Mr. Buckles' supervised release. Doc. 36. The petition accused Mr. Buckles of violating two conditions of his supervised release. It alleged he violated Standard Condition 7 by consuming marijuana on or around December 31, 2013, and by consuming methamphetamine on several occasions in January and February of 2014. The petition alleged that Mr. Buckles violated Special Condition 2 of his supervised release by failing to report to chemical dependency treatment sessions on February 6, 20, and 27 of 2014. Doc. 36. Based on the petition, the undersigned issued a warrant for Mr. Buckles' arrest. Doc. 37.

**Initial appearance**

Mr. Buckles was arrested on March 26, 2014. Doc. 38. He made an initial appearance before the undersigned on April 1, 2014, in Great Falls, Montana. Mr. Buckles was accompanied at the initial appearance by Federal Defender Anthony Gallahger, who was appointed to represent Mr. Buckles. Assistant United States

Attorney Jessica Betley represented the United States.

Mr. Buckles said he had read the petition and understood the allegations. Ms. Betley warned that Mr. Buckles could be incarcerated for up to 24 months if his supervised release is revoked. The undersigned explained Mr. Buckles' rights, including the right to a revocation hearing before United States District Judge Brian Morris, who is presiding over the case.

Mr. Gallagher said he and Mr. Buckles were prepared to proceed with the revocation hearing before the undersigned. Mr. Buckles and Ms. Betley both consented to the jurisdiction of a magistrate judge. The hearing commenced.

**Revocation hearing**

Mr. Buckles appeared at the revocation hearing with Mr. Gallagher. Ms. Betley appeared for the United States.

Mr. Buckles admitted violating his conditions of supervised release, as alleged in the petition. The undersigned found the admissions sufficient to establish violations, and believes the violations warrant revocation of Mr. Buckles' supervised release.

The undersigned calculated that Mr. Buckles' violations are Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on

supervised release for up to 36 months, less any custodial time imposed. The United States Sentencing Guidelines call for four to 10 months in custody. U.S. Guideline Manual, Ch. 7. Ms. Betley and Mr. Gallagher agreed with those calculations.

Mr. Gallagher requested a custodial sanction at the low end of the guideline range, with supervised release to follow. Mr. Gallagher said that he is disappointed in Mr. Buckles and Mr. Buckles is disappointed in himself. Mr. Buckles is particularly sorry to United States District Judge Dana Christensen, who imposed a relatively lenient sentence on the underlying offense and trusted Mr. Buckles to comply with his release terms. Mr. Gallagher explained that Mr. Buckles struggles with a powerful addiction to methamphetamine and was unable to resist when old friends offered him the drug. Mr. Gallagher said a low-end custodial sanction would be sufficient for Mr. Buckles to get clean, and after that he would pursue the substance abuse treatment he needs for long-term success.

Mr. Buckles addressed the court. He apologized for violating his supervised release conditions so quickly. He confirmed Mr. Gallagher's observation that he is addicted to methamphetamine, and needs treatment to help him resist the drug.

Ms. Betley requested a sanction of eight months incarceration, with supervised release to follow.

### III. Analysis

Mr. Buckles' supervised release should be revoked. He violated conditions repeatedly, violating the trust the court placed in him at his sentencing.

Mr. Buckles should be incarcerated for eight months. A sanction above the middle of the guideline rang is appropriate. Mr. Buckles promptly and deliberately violated his supervised release conditions, and continued to do so until his arrest. He insists that he needs treatment, but his violations included failure to attend treatment sessions provided to him. Mr. Buckles' sentencing judge gave him a chance to prove himself by imposing only the incarceration Mr. Buckles had already served. Mr. Buckles took advantage of the court's trust by almost immediately disregarding the conditions. On the other hand, the violations do appear to be related to an addiction. Neither the underlying offense nor the violations directly endangered the community, though use of methamphetamine inherently poses at least an indirect danger to the community by expanding the market for the insidious drug.

Supervised release should be imposed for 28 months, which is the maximum allowable period if Mr. Buckles is incarcerated for eight months. Long-term supervision may provide Mr. Buckles motivation and support to resist drug use.

### IV. Conclusion

Mr. Buckles was advised that the above sentence would be recommended to Judge Morris.  He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Buckles' objection, if it is filed within the alloted time, before making a final determination on whether to revoke Mr. Buckles' supervised release and what, if any, sanction to impose.

The Court makes the following **FINDINGS:**

1. Mr. Buckles violated Standard Condition 7 of his supervised release by consuming marijuana and methamphetamine in January and February of 2014.

2. Mr. Buckles violated Special Condition 2 of his supervised release by failing to attend chemical dependency treatment sessions on or about February 6, February 20, and February 27, 2014.

The Court makes the following **RECOMMENDATION:**

1. The District Court should enter the attached Judgment, revoking Mr. Buckles' supervised release and committing Mr. Buckles to the custody of the United States Bureau of Prisons for eight months, with 28 months supervised release to follow.  The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 7th day of April, 2014.

Keith Strong
United States Magistrate Judge