IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-13-58-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| EMMETT A. BUCKLES, III, | |
| Defendant. | |

## I. Synopsis

Mr. Buckles was accused of violating his conditions of supervised release by consuming methamphetamine, failing to report to his probation officer as directed, and failing to participate in substance abuse testing. He admitted to the violations. Mr. Buckles's supervised release should be revoked. He should be sentenced to six months of custody, with 22 months of supervised release to follow.

## II. Status

Mr. Buckles pleaded guilty in 2013 to False Statement During a Firearms Transaction. Doc. 25. He was sentenced to 150 days in custody, which he had already served awaiting sentencing, and 36 months of supervised release. Docs. 32-33. His first term of supervised release began on December 12, 2013. He was in state custody for an unrelated issue until December 23, 2013. Doc. 36. In April

2014, his supervised release was revoked because he violated its conditions by consuming marijuana and methamphetamine and by failing to report to chemical dependency treatment sessions. Mr. Buckles was ordered to spend an additional eight months in custody as a sanction for the violations, with 28 months of supervised release to follow. Docs. 44-45. Mr. Buckles began his current term of supervised release on November 24, 2014. Doc. 48. On March 18, 2015, United District Judge Brian Morris approved a Report on Offender under Supervision, allowing the United States Probation Office to continue to work with Mr. Buckles despite several alleged violations of his supervised release. Doc. 47. Mr. Buckles subsequently participated in inpatient chemical dependency treatment at the Montana Chemical Dependency Center. He was discharged from the Center on May 20, 2015. Doc. 48.

**Petition**

On June 23, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Buckles's supervised release. In the petition, the Probation Office accused Mr. Buckles of violating Standard Condition 7 by failing to refrain from the use of controlled substances. The Probation Office also accused Mr. Buckles of violating Standard Condition 2 by failing to report to the probation officer as directed. The petition alleged Mr. Buckles violated Special Condition 1 by failing to participate in substance abuse testing. Doc. 48. Based on the petition,

United States District Judge Brian Morris issued a warrant for Mr. Buckles's arrest. Doc. 49.

**Initial appearance**

Mr. Buckles appeared before the undersigned on July 10, 2015, in Great Falls, Montana. Federal Defender Anthony R. Gallagher accompanied him at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Buckles said he had read the petition and understood the allegations. Mr. Buckles waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On July 10, 2015, Mr. Buckles appeared with Mr. Gallagher before the undersigned for a revocation hearing. Mr. Weldon appeared on behalf of the United States.

Mr. Buckles admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Buckles's supervised release.

Mr. Buckles's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 28 months,

less any custody time imposed.  The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Gallagher requested a sentence at the low end of the guideline range, with a term of supervised release to follow.  Mr. Weldon recommended a sentence within the guideline range, followed by supervised release.  Mr. Buckles addressed the Court and apologized for his actions.

### III.  Analysis

Mr. Buckles's supervised release should be revoked because he admitted violating its conditions.  The undersigned is particularly concerned by Mr. Buckles's use of methamphetamine just six days after being discharged from treatment.  Mr. Buckles should be sentenced to six months of custody, with 22 months of supervised release to follow.  The same conditions of release should be continued.  This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Buckles was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Buckles's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr.

Buckles's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>  1. Emmett A. Buckles violated Standard Condition 7 of his supervised release by consuming methamphetamine on May 26, 2015.
>
>  2. Emmett A. Buckles violated Standard Condition 2 of his supervised release by failing to report to his probation officer on May 26, 2015.
>
>  3. Emmett A. Buckles violated Special Condition 1 of his supervised release by report for urine testing on May 26, 2015, and May 28, 2015.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Buckles's supervised release and committing Mr. Buckles to the custody of the United States Bureau of Prisons for six months, with 22 months supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 13th day of July, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge